**_This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1)._**

Argued and submitted March 9; conviction on Count 2 reversed and remanded, remanded for resentencing, otherwise affirmed April 5, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL RAYMOND DICKENS,
aka Daniel Raymon Dickens,
*Defendant-Appellant.*

Washington County Circuit Court
19CR75606; A176100

Erik M. Buchér, Judge.

Francis C. Gieringer, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.

**EGAN, J.**

Defendant appeals a judgment of conviction for one count of unlawful possession of methamphetamine, ORS 475.894(2)(a) (Count 1), and one count of driving under the influence of intoxicants (DUII), ORS 813.010 (Count 2). On appeal, he challenges only his conviction for DUII. In his first assignment of error, he contends that the trial court erred when it ruled that the state's drug recognition expert (DRE), Deputy Majors, could testify that "defendant appeared to be on the 'downside of meth,'" and he contends that that error was not harmless. We agree with defendant. We reverse and remand defendant's conviction for DUII, remand for resentencing, and otherwise affirm.[1]

We review a determination that evidence is "scientific" and, if so, whether it is admissible, for legal error. *State v. Eatinger*, 298 Or App 630, 642, 448 P3d 636 (2019).

As an initial matter, we agree with both defendant and the state that Majors's testimony that defendant appeared to be on the downside of methamphetamine was scientific evidence. Therefore, to be admissible, it was required to meet the *Brown/O'Key* foundational requirements. *See Eatinger*, 298 Or App at 642 (noting scientific evidence is subject to the "*Brown/O'Key* foundational requirements").

Further, we agree with defendant that the state did not lay a sufficient foundation under *Brown/O'Key* for the trial court to admit Majors's "downside of meth" testimony. We have previously "approved the 12-step DRE protocol as scientific evidence because its complete administration by a competent examiner qualified for admission as scientific evidence," but the admissibility of "the *complete* DRE protocol as scientific evidence does not demonstrate the general admissibility of each component of the protocol." *State v. Bevan*, 235 Or App 533, 542, 233 P3d 819 (2010) (emphasis in original; internal quotation marks omitted). In this case, the "scientific" evidence presented regarding the "downside of meth" came not as a result of the complete administration

---

[1] In a second assignment of error, defendant contends that the trial court erred "when it excluded defendant's proposed exhibit 101." Our resolution of defendant's first assignment of error obviates the need to address defendant's second assignment of error.

of the 12-step DRE protocol, but from observations Majors made during certain component pieces of that protocol. And the state presented no evidence that the methodology utilized to draw conclusions from such observations "generally has been accepted in the relevant field, has been used in a reported judicial decision, has a known rate of error, is mentioned in specialized literature, or is not a novel, even singular, employment in this state." *State v. Aman*, 194 Or App 463, 472-73, 95 P3d 244 (2004), *rev dismissed*, 339 Or 281 (2005) (concluding trial court erred in admitting result of "11 step DRE test without toxicological confirmation" as scientific evidence).

To be sure, the state may be correct that "nothing in the DRE protocol prohibits an officer from forming a less-than-conclusive opinion in addition to the officer's formal DRE conclusions"; however, that does not mean that an officer's "less-than-conclusive opinion" concerning impairment can be presented to the jury in a manner that draws its persuasive force from the mantle of science.

Notwithstanding that evidentiary error, "we must affirm if the error was harmless." *Eatinger*, 298 Or App at 645. "An error is harmless if there is little likelihood that the erroneously admitted evidence affected the verdict." *Id.*

We agree with defendant that the error was not harmless. The erroneously admitted evidence was scientific in nature, *Bevan*, 235 Or App at 543 (noting "scientific evidence has a manifest potential to influence the jury" and, therefore, "erroneous admission of such evidence weighs against a conclusion that an error was harmless"), and the state highlighted the erroneously admitted scientific evidence during its opening statement and closing argument, *id.* at 544 (prosecutor emphasizing erroneously admitted evidence in opening statement and closing argument weighed against a determination error was harmless). Further, during its closing argument, the state argued to the jury, in essence, that it could convict defendant even if it did not credit Majors's testimony concerning cannabis impairment but instead found defendant was impaired by only methamphetamine while driving, and tied Majors's scientific testimony regarding the downside of methamphetamine to other

evidence in the case concerning methamphetamine. *See State v. Zielinski*, 321 Or App 8, 13, 515 P3d 397, *rev den*, 370 Or 694 (2022) (in assessing harmlessness "we consider the importance of the erroneously admitted evidence to a party's theory of the case" (internal quotation marks omitted)). Additionally, the other evidence that defendant was impaired while driving was not "so overwhelming" that we can conclude that there is little likelihood that the erroneously admitted scientific evidence affected the verdict. *State v. Johnson*, 219 Or App 200, 206, 182 P3d 256 (2008); *see also Aman*, 194 Or App at 474 (erroneously admitted scientific evidence resulting from incomplete DRE protocol not harmless, notwithstanding other evidence of impairment while driving). Consequently, we reverse and remand defendant's conviction on Count 2.

Conviction on Count 2 reversed and remanded; remanded for resentencing; otherwise affirmed.